# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

JEREMY S. DAUBON

_____/

**INDICTMENT**

3:16cr67/MCR

**THE GRAND JURY CHARGES:**

### COUNT ONE

Between on or about April 1, 2016, and on or about July 28, 2016, in the Northern District of Florida and elsewhere, the defendant,

**JEREMY S. DAUBON,**

did knowingly distribute, and attempt to distribute, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

Returned in open court pursuant to Rule 6(f)

August 16, 2016
Date

United States Magistrate Judge

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violation alleged in Count One of this Indictment, the defendant,

**JEREMY S. DAUBON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

A. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense alleged in Count One of this Indictment; and

C. Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offense alleged in Count One of this Indictment.

D. The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third person;

    iii. has been placed beyond the jurisdiction of the Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

Redacted per privacy policy

FOREPERSON

16 AUG 2016

DATE

CHRISTOPHER P. CANOVA
United States Attorney

DAVID L. GOLDBERG
Assistant United States Attorney