# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                              Case Nos.:    3:16cr67/TKW/EMT
                                                    3:18cv2212/TKW/EMT

JEREMY DAUBON
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 67). The Government filed a response (ECF No. 69), and Defendant filed a reply (ECF No. 70). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without a hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

## PROCEDURAL HISTORY and BACKGROUND

Defendant Jeremy Daubon was charged in a single count indictment with distribution of child pornography in violation of Title 28 U.S.C. §§ 2252A(a)(2) and (b)(1) (ECF No. 14). Daubon was identified during an undercover Homeland

Security Investigations (HSI) operation that targeted individuals using social networking applications to trade and disseminate images and videos of children being sexually exploited online (ECF No. 40, Presentence Investigation Report (PSR) ¶ 17). Daubon was observed online, over a several-month period, distributing sexually explicit material depicting children, including multiple videos (*id.* at ¶¶ 18–29). Thereafter, pursuant to a federal search warrant, law enforcement recovered over 2,000 images and videos of child pornography on a laptop seized from Daubon's home (*id.* at 30). Daubon pleaded guilty, represented by Assistant Federal Public Defender Thomas Keith (ECF Nos. 23–28).

Before sentencing, a Psychosexual Risk Assessment was completed at defense counsel's request, and it was included as part of the PSR (*see* ECF No. 40-1). Daubon's revised final PSR calculated his total offense level as 34 and his criminal history category as V (ECF No. 40). His total offense level included a base offense level of 22 and the following enhancements:

| Levels | Basis | Guideline Section |
|---|---|---|
| 2 | Depiction of Prepubescent minor | 2G2.2(b)(2) |
| 2 | Distribution other than by a means described in Sections (A) through (E) | 2G2.2(b)(3)(F) |
| 4 | Depiction of sadistic or masochistic content | 2G2.2(b)(4) |
| 2 | Use of a computer | 2G2.2(b)(6) |
| 5 | 600 or more images | 2G2.2(b)(7)(D) |

(ECF No. 40, PSR ¶¶ 43–47.)   Daubon also received a three-level downward adjustment for acceptance of responsibility (*id.* ¶¶ 53, 54).

With a total offense level of 34 and a criminal history category of V, the applicable advisory guidelines range was 235 to 293 months' imprisonment. Daubon's range became 235 to 240 months due to the application of the statutory maximum sentence.   18 U.S.C. § 2252A(b)(1).

At sentencing, Mr. Keith confirmed he had filed no objections to the calculation of the advisory guideline range (ECF No. 51 at 3).   The court heard argument from counsel, and then sentenced Daubon to a below-guidelines term of 144 months' imprisonment followed by ten years of supervised release (*see* ECF Nos. 41, 42, 51, 59, 60).

Daubon appealed, contending his sentence, despite being below the applicable guidelines range, was both procedurally and substantively unreasonable.   The Eleventh Circuit Court of Appeals rejected his arguments and affirmed his sentence on September 26, 2017 (ECF No. 63).

Daubon timely filed the instant § 2255 motion on October 28, 2018[1] (ECF No. 67 at 12).   He raises a single ground for relief.   He contends counsel was

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison

constitutionally ineffective because he did not propound objections in preparation for sentencing.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Ineffective assistance of counsel claims are properly, and in most instances preferably, raised by a § 2255 motion regardless of whether they could have been

---

mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

Case Nos.: 3:16cr67/TKW/EMT; 3:18cv2212/TKW/EMT

brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *United States v. Osborne*, No. 20-10829, 2020 WL 6606295, at *1 (11th Cir. Nov. 12, 2020). This is because the factual basis for such claims is almost never developed before a direct appeal but can be established in the district court on collateral review. *United States v. Padgett*, 917 F.3d 1312, 1316–17 (11th Cir. 2019).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that [ ]he was prejudiced by that performance." *Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets, and citations omitted)[2]; *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

both prongs must be proved to prevail."). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, in this case a failure to object, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *See, e.g., Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing

*Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). A defendant's belief that a

certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a

hearing.  *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Counsel's Performance Before and During Sentencing

Daubon contends counsel was constitutionally ineffective because he did not object to application of the five-level enhancement for the number of images involved in the offense conduct.  As noted above, Daubon's offense level was increased by five levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because his conduct involved 600 or more images.[3]   Daubon now argues that the recovery of the images from his laptop does not "support the requisite finding that the images were 'involved' in Mr. Daubon's offense of distribution of child pornography" (ECF No. 67 at 20).   He posits that there is insufficient proof of distribution, arguing that the images were merely "part and parcel of [his] compulsive addiction to pornography," and that there is nothing in either the PSR or the factual basis for the guilty plea that would support a finding that he distributed more than a few images (*id.* at 22). Daubon states he brought this point to counsel's attention after they reviewed the PSR together (*id.* at 22–23, 30), and he claims that counsel's failure to object was

---

[3] A forensic examination of Daubon's laptop computer recovered 787 images and 1496 video clips of child pornography, in addition to 51 images of animation depicting child pornography (ECF No. 40, PSR at ¶ 31, ECF No. 51 at 30).

Case Nos.: 3:16cr67/TKW/EMT; 3:18cv2212/TKW/EMT

prejudicial because had counsel done so, his total offense level would have been 29 instead of 34.

Section 2G2.2(b)(7) of the United States Sentencing Guidelines sets forth graduated increases in a defendant's offense level depending on the number of images involved.   This section provides that if the offense involved:

    (a)  At least 10 images, but fewer than 150, increase by **2** levels;

    (b)  At least 150 images, but fewer than 300, increase by **3** levels;

    (c)  At least 300 images, but fewer than 600, increase by **4** levels; and

    (d)  600 or more images, increase by **5** levels.

U.S.S.G. § 2G2.2(b)(7).   Thus, Daubon's suggestion that a proper objection would have reduced his offense level by five levels requires a finding that *fewer than ten images* were involved in the offense conduct.

The term "offense" as used in § 2G2.2(b)(7)(D) encompasses relevant conduct under § 1B1.3.   *See* U.S.S.G. § 1B1.1, comment. (n.1(I)) (Nov. 2018); *see generally United States v. Miller*, 166 F. 3d 1153, 1155 (11th Cir. 1999) (holding that the term "offense" as used in the cross-reference of § 2G2.2(c) includes both charged and uncharged offenses).   Relevant conduct under U.S.S.G. § 1B1.3 is not limited to the conduct charged in the indictment.   *United States v. Ignancio Munio*, 909 F.2d 436, 438 (11th Cir. 1990).   It includes all acts engaged in by the defendant

"during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the offense." U.S.S.G. § 1B1.3(a)(1). The Eleventh Circuit has expressly rejected Daubon's position with respect to the consideration of uncharged conduct, albeit in unpublished opinions. In one such case, a defendant was held accountable for over 2700 images of child pornography although only ten were distributed. *United States v. Cote*, 482 F. App'x 373, 375 (11th Cir. 2011). The *Cote* court noted that "one must first possess child pornography before one can transport it." *Id.; see also United States v. McVey*, 752 F. 3d 606 (4th Cir. 2014) (noting "as a matter of logic, possession and distribution of child pornography are tightly connected" and "[p]ossession is a necessary prerequisite for distribution") (citing cases). Similarly, in *United States v. Stevens,* 305 F. App'x 574, 577 (11th Cir. 2008) the Eleventh Circuit held that § 2G2.2(b)(7)(D) applied to both possession and distribution of child pornography. Therefore, although defendant had been convicted of transmitting only two images, the court properly considered evidence of defendant's possession of hundreds of images of child pornography to enhance his base offense level under § 2G2.2(b)(7)(D). *Cf. United States v. Craft*, 572 F. App'x 880 (11th Cir. 2014) (despite parties' stipulation for sentencing purposes that defendant charged with knowing receipt of child pornography possessed three (3)

images of child pornography, district court properly applied § 2G2.2(b)(7)(D)—the five-level enhancement for 600 or more images—based on forensic analysis that computer contained 3900 images of child pornography).

Thus, based on the foregoing, the court cannot find counsel was constitutionally ineffective for failing to make the objection Daubon now suggests. *Hollis,* 958 F.3d at 1124. Such an objection would not have been successful and would not have afforded Daubon sentencing relief.[4] Stated succinctly, Daubon has established neither deficient performance by counsel nor prejudice based on counsel's failure to object to the guidelines calculation, and thus he is not entitled to relief under § 2255.

A final point bears mention. Daubon submitted a declaration in support of his § 2255 motion (ECF No. 67 at 29). In this declaration he contends he prepared

---

[4] The Government argues in the alternative that defendant's admission at his plea colloquy—that the factual basis for the guilty plea was "true and correct"—supports the five-level enhancement (ECF No. 69 at 13–14). During the plea proceedings Daubon admitted distributing "multiple videos depicting child pornography," Dropbox links with "numerous videos . . . of sexual activity that qualify as child pornography," "additional videos consistent with that of child pornography," and "an additional Dropbox link . . . [with] images of nude and partially nude prepubescent and pubescent females posed in sexually explicit positions" on various dates in April 2016, as well as even more "child pornographic material during June-July, 2016" (ECF No. 24). The sentencing guidelines provide that every "video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." U.S.S.G. § 2G2.2, comment. (n.6(B)(ii)). Thus, Daubon's admissions during the plea colloquy arguably constituted an admission to over 600 images, although Daubon claims he was not sufficiently questioned about the specifics of the factual basis during his Rule 11 colloquy (ECF No. 70 at 7).

a written statement to be provided to the sentencing court, but his attorney refused to submit the statement to the court. He claims counsel also refused to allow his fiancée or his cousin to speak on his behalf at sentencing.

Daubon has not provided a copy of the statement or explained how it (or the comments of his family) would have resulted in a less harsh sentence had it been presented to the sentencing court—his claim is thus speculative and fails to establish he was prejudiced by the actions or inactions of his trial counsel—especially considering that the court imposed a sentence well below the advisory range. Furthermore, the record reflects that during Daubon's brief remarks in allocution at sentencing, he did not mention either the statement counsel allegedly failed to present or his desire for other individuals to speak in his behalf (ECF No. 51 at 27). Thus, to the extent Daubon has raised a separate claim of ineffective assistance of counsel through the allegations in his affidavit, he has not shown he is entitled to relief, as he has not demonstrated prejudice attributable to counsel's alleged errors.

Conclusion

For all of the foregoing reasons, the court concludes Daubon's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is without merit. Additionally, no evidentiary hearing is warranted. Therefore, Daubon's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 67) be **DENIED**.

Case Nos.: 3:16cr67/TKW/EMT; 3:18cv2212/TKW/EMT

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of January 2021.

          */s/ Elizabeth M. Timothy*
          **ELIZABETH M. TIMOTHY**
          **CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**